IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:14 CV 246 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| JONATHAN LYNN BRYANT, | ) | |
| Defendant. | ) | MEMORANDUM OPINION AND ORDER |

This matter was originally filed by the Defendant as Motion Pursuant to Fed. R. Crim. P. 36 For Clarification of Forfeiture Order in the United States District Court, Eastern District of North Carolina, Southern Division. (ECF #1). Mr. Bryant sought to clarify whether the forfeiture order issued by the North Carolina court and included in his Judgment of July 1, 2005 referred to specific property traceable to the offense, or whether it was intended to apply to any future income, in which case it could be reclaimed through the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10, *et seq.*. The North Carolina Court construed Mr. Bryant's motion as motion challenging the means of execution of his sentence, and determined that such a motion could only be brought under 28 U.S.C. § 2241 in the district of his incarceration. As Mr. Bryant is incarcerated at the Federal Correctional Institute in Lisbon, Ohio, within the Northern District of Ohio, the case was transferred here.

The Judgment against Mr. Bryant in the United States District Court, Eastern District of North Carolina, Southern Division, issued on June 22, 2005, found him guilty of Conspiracy to Distribute and Possess With Intent to Distribute More Than 500 grams of Cocaine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (ECF #1, at 9). The Court assessed a $200.00 monetary penalty, and imposed no fine or restitution. The Court also ordered that the defendant forfeit his "interest in the property specified in the Preliminary Order of Forfeiture entered on February 22, 2005," to the United States. (ECF #1, at 14).

The Preliminary Order of Forfeiture specified that pursuant to 21 U.S.C. § 853, the United States was entitled to possession of $50,000.00 in U.S. currency, an amount not currently in the possession of or its whereabouts known to the Government. The Order authorized the U.S. Government to seize the above stated currency, to dispose of it in accordance with the law, subject to 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). Further, the Preliminary Order directed the Clerk of Court to enter judgment against the $50,000.00. Following the issuance of the Preliminary Order, and prior to the issuance of the final Judgment in the case, the Court entered a Judgment against Mr. Byrant in the amount of $50,000.00, with post-judgment interest to accrue at the rate of 3.13%. This Judgment was entered on March 2005.

According to Mr. Bryant, sometime "recently", the Government began collection efforts against Mr. Bryant by taking wages he earns through his Bureau of Prisons job, as well as some "minimal monthly support" he receives from his family. The government agrees that collection efforts have commenced against some of Mr. Bryant's wages and other monthly income pursuant to the Federal Debt Collection Act ("the FDCA") and the Inmate Financial

Responsibility Program("the IFRP"), 28 C.F.R. § 545.10, et seq.. Under the IFRP, inmates are responsible for making payments toward their financial obligations, including certain minimum payments from prison employment. Other non-institutional sources of income or resources may also be used. See, 28 C.F.R. § 545.11(b). This program is voluntary and Mr. Bryant could withdraw consent, although this may result in the loss of certain benefits. 28 C.F.R. §545.11(d).

Mr. Bryant contends that this income is not subject to collection on a forfeiture order against specific currency under 21 U.S.C. § 853(a), and that the government is required to seek a substitution of assets under 21 U.S.C. § 853(p) if it wants to collect a general money judgment rather than seize the specific currency addressed in the forfeiture order. United States Code, Chapter 21, section 853 states, in relevant part, that:

> any person convicted of a violation of this subchapter...punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law –
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation...

21 U.S.C. § 853(a)(1), (2). Property subject to criminal forfeiture includes real property and "tangible and intangible personal property, including rights, privileges, interests, claims, and securities. 21 U.S.C. § 853(b). If any property ordered forfeited under § 853(a) cannot be located upon exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the court "shall order the forfeiture of any other property of the defendant," up to the value of

any property described above. 21 U.S.C. § 853 (p)(1), (2). The strict language of the statute, therefore, might suggest that a request for substitution of property would be warranted in order to establish a right to future income.

However, although not explicitly set forth in the forfeiture statute, many courts, including the Sixth Circuit, have found that a personal money judgment may be used to collect on a criminal forfeiture order. *See, USA v. Hampton*, 732 F.3d 687, 691-692 (6th Cir. 2013)(citing six other Circuits who have had similar holdings). These courts have held that the amount of forfeiture ordered is measured by the amount received from illegal activities, not the amount remaining in the defendants possession at time of conviction. *See, e.g., Hampton* at 691-92; *USA v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006). In addition, a personal money judgment should be permitted because criminal forfeiture is a sanction against the defendant and not a judgment against the property (as it may be in civil forfeiture case), and because holding otherwise would encourage defendants to avoiding the penalty of forfeiture by spending or otherwise getting rid of the illegal proceeds prior to his or her conviction. *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006). This conclusion is further supported by 21 U.S.C. § 853(o), which requires courts to construe the provisions of this forfeiture section liberally to effectuate its remedial purposes. Even the United States Supreme Court has recognized the extreme breadth of the forfeiture provisions set forth in 21 U.S.C. § 853. *USA v. Monsanto*, 491 U.S. 600, 607, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989).

In this case, the language of the final criminal judgment is not exactly clear as to whether it intended to impose an in personam monetary judgment against Mr. Bryant, or merely to require forfeiture of $50,000.00 in U.S. currency specifically traceable to the activities for which

he was convicted. Mr. Bryant's request for clarification, therefore, may have been exactly what it was captioned to be, a request for clarification from the issuing judge. However, prior to the issuance of the final criminal judgment, the Court did specifically issue a personal monetary judgment against Mr. Bryant in the amount of $50,000.00. According to the applicable case law, cited above, such a judgment is enforceable as against future income. Therefore, the FDCA and the IFRP may be utilized to collect against this $50,000.00 judgment. Defendant's Motion is Denied in so far as it seeks to prevent the application of these collection methods. This case is dismissed. IT IS SO ORDERED.

Date: December 19, 2014

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge